## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YASSER SAEED, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| JAL CHEMICAL, CO., INC., | : | |
| | : | |
| Defendant. | : | September 6, 2018 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Yasser Saeed, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, JAL Chemical, Co., Inc., respectfully alleges:

### PARTIES

1. Plaintiff, Yasser Saeed, was and is a citizen and resident of the State of Connecticut.

2. Defendant, JAL Chemical, Co., Inc., was and is a corporation organized and existing under the laws of the State of Florida with a principal place of business located at 5615 Old Winter Garden Road, Orlando, Florida 32811.

3. At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4. At all times material, defendant was an employer within the meaning of the ADAAA.

5. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

6. At all times material, defendant was and employer within the meaning of

the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

7.      At all times material, plaintiff was an employee within the meaning of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

8.      At all times material, defendant was an employer within the meaning of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

10.      This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

11.      The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

12.      Defendant employed plaintiff.

13.      Plaintiff's job title was area manager.

14.      Plaintiff was qualified for the job.

15.      Defendant hired plaintiff on or about August 21, 2013.

16.      Plaintiff was area manager for defendant's locations located in Fairfield, Connecticut.

17.      Defendant's company website is www.tephseal.com.

18.      Defendant is in the business of providing franchised vehicle preparation and detaining services to new and used auto dealerships.

2

19.     On or about June 27, 2016, plaintiff got injured on the job.

20.     Specifically, plaintiff injured his right shoulder and right knee when he slipped and fell at work.

21.     Plaintiff was diagnosed with a right shoulder type II AC joint separation, right shoulder impingement and a right knee contusion.

22.     Plaintiff temporarily lost the ability to perform the essential functions of his job because of the work-related injuries.

23.     Plaintiff was unable to work from July 7, 2016 through July 21, 2016.

24.     Plaintiff returned to work on restricted duty.

25.     Plaintiff's restrictions included no lifting greater than fifteen (15) pounds and no repetitive lifting.

26.     Plaintiff underwent medical treatment for the injuries including the shoulder injury.

27.     Plaintiff received physical therapy, prescription medication, and injections for the shoulder injury.

28.     Without the benefit of the medical treatment, plaintiff would have continued to have a significant impairment of the shoulder with a fifteen (15) lifting restriction and no repetitive lifting.

29.     On October 24, 2016, plaintiff's treating health care provider lifted the physical restrictions and cleared plaintiff to work full duty.

30.     On or about October 13, 2016, defendant terminated plaintiff's employment.

31.     Plaintiff's shoulder injury substantially limited one or more major life

activities including lifting.

32. Defendant employs Mark Plotts.

33. Plotts is a supervisory employee and Plotts supervised plaintiff.

34. In December 2015, Plotts asked plaintiff if went on "terrorist" sites.

35. Plaintiff is Middle Eastern.

36. Plaintiff is Muslim.

37. Defendant knew that plaintiff was Muslim.

38. Plotts knew that plaintiff was Middle Eastern.

39. Plotts knew that plaintiff was Muslim.

40. Plaintiff can perform the essential functions of the job with or without a reasonable accommodation.

41. Defendant has workplace rules.

42. The workplace rules are documented.

43. One of defendant's documented workplace rules is discipline.

44. Defendant's disciplinary rule is progressive. Meaning, there are disciplinary steps progressing in severity.

45. The progressive disciplinary steps in defendant's discipline rule are: verbal warning; written warning; suspension; and termination.

46. Defendant uses its discipline rule.

47. Defendant has applied its discipline rule to current and former employees.

48. Defendant has a form entitled "Disciplinary Action Form".

49. Defendant uses the form in conjunction with its discipline rule.

50. Defendant did not discipline plaintiff per its discipline rule prior to

4

plaintiff getting injured on the job.

51. Defendant disciplined plaintiff after he got injured on the job.

52. In August 2016, defendant presented plaintiff with a written warning.

53. The written warning accused plaintiff of poor job performance.

54. Plaintiff refused to sign the written warning because he disputed the accusations contained in the warning.

55. While employed by defendant, plaintiff exercised rights under Connecticut's Workers' Compensation Act.

56. Defendant received notice that plaintiff was exercising rights under the Workers' Compensation Act.

57. Defendant received notice that plaintiff filed a claim for workers' compensation benefits.

58. Defendant was notified that plaintiff required a medical leave of absence as a result of the June 27, 2016 work-related accident.

59. Defendant employs David McDonough.

60. McDonough is a supervisory employee.

61. Plaintiff notified McDonough that the work-related injuries prevented him from working for a period of time.

62. McDonough asked plaintiff if he could sit in a car and work.

63. Plotts made the following comment to plaintiff: "end relationship".

64. The comment was in referencing to ending plaintiff's employment.

65. Plotts comment was made shortly after plaintiff's employment ended.

66. On or about March 4, 2017, plaintiff filed a complaint with the State of

Connecticut Commission on Human Rights and Opportunities (CHRO).   The CHRO
complaint was brought against the defendant.

68.     On or about March 4, 2017, plaintiff filed a complaint with the Equal
Employment Opportunity Commission (EEOC).   The EEOC complaint was brought
against the defendant.

68.     On or about June 12, 2018, plaintiff received a Release of Jurisdiction
from the CHRO (copy attached hereto as Ex.1).

69.     On or about July 12, 2018 plaintiff received a right to sue letter from the
EEOC. (copy attached hereto as Ex.2).

### FIRST COUNT
### ((Disability Discrimination in Violation of the ADAAA)

1.     Plaintiff repeats the allegations in paragraphs 1 through 69 above as if
fully incorporated herein.

70.     Defendant's actions violate The Americans with Disabilities Act
Amendments Act of 2008, which prohibits discrimination on the basis of disability.

71.     Defendant, by and through its agents and/or employees, violated the
Americans With Disabilities Act, in one or more of the following ways:

(a)     In that defendant interfered with plaintiff's privilege of employment on the
basis of plaintiff's disability;

(b)     In that defendant discriminated against the plaintiff in such a way that it
adversely affected his status as an employee;

(c)     In that defendant terminated plaintiff's employment;

(d)     In that defendant treated the plaintiff adversely different from similarly
situated employees;

(e)     In that defendant discriminated against the plaintiff for requiring a reasonable accommodation;

(f)     In that defendant intentionally discriminated against the plaintiff.

72.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

73.     As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

74.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

75.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

76.     The defendant exhibited reckless indifference to the plaintiff's civil rights by terminating his employment on the basis of his disability.

## SECOND COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(a)(1))

1.     Plaintiff repeats the allegations in paragraphs 1 through 76 above as if fully incorporated herein.

77.     Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq*. in one or more of the following ways.

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b)     In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of his disability;

(e)     In that defendant intentionally discriminated against the plaintiff;

(f)     In that defendant discriminated against the plaintiff for requiring a reasonable accommodation.

78.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

79.     As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

80.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

81.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

**THIRD COUNT**
**(Retaliation in Violation of the ADA)**

1.      Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 81 as though fully set forth herein.

82.      Defendant, by and through its agents, servants, and/or employees, violated the ADA in one or more of the following ways.

a.      In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

83.      As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to his professional reputation.

84.      As a further result of defendant's retaliatory termination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

85.      Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

**FOURTH COUNT**
**(Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1))**

1.      Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

86.      Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(1) *et seq.* in one or more of the following ways.

a.      In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

87.     As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered damages including: loss of employment, loss of income and wages and benefits, and harm to his professional reputation.

88.     As a further result of defendant's retaliatory termination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

89.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

### FIFTH COUNT
**(Interference with the Exercise of Rights under the FMLA)**

1.      Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

90.     Plaintiff suffered from a medical condition that constituted a serious health condition as that term is defined by the FMLA.

91.     Defendant, by and through its agents and/or employees, interfered with and violated plaintiff's rights under the FMLA in one or more of the following ways:

(a)     by terminating the plaintiff's employment;

(b)     by denying plaintiff's FMLA rights; and

(c)     by failing to restore the plaintiff to his original job or to an equivalent job

in terms of pay, benefits, and other employment terms and conditions; and

(d)     by using the plaintiff's FMLA qualifying leave of absence as a negative

factor in its decision to terminate plaintiff's employment.

92.     As a direct and proximate result of defendant's wrongful acts and/or

omissions, plaintiff suffered and sustained damages, including but not limited to: lost

wages, lost employee and/or retirement benefits, and other expenses and financial losses

that would not otherwise have been incurred.

93.     Some or all of defendant's actions have been willful.

## SIXTH COUNT
### (FMLA Discrimination/Retaliation)

1.     Plaintiff repeats and re-alleges the allegations set forth above as though

fully set forth herein.

94.     Plaintiff invoked his right to FMLA-qualifying leave.

95.     Defendant, by and through its agents, retaliated against the plaintiff for the

exercise or attempted exercise of his rights under the FMLA in one or more of the

following ways:

(a)     by terminating plaintiff's employment;

(b)     by disciplining the plaintiff.

96.     As a direct and proximate result of defendant's retaliation, plaintiff

suffered and sustained damages, including but not limited to: lost wages, lost employee

benefits, and other expenses and financial losses that would not otherwise have been

incurred.

## SEVENTH COUNT
### (Retaliation in Violation of C.G.S. Section 31-290a)

1.      Plaintiff repeats the allegations in paragraphs 1 through 96 above as if fully incorporated herein.

97.     Defendant's termination of plaintiff's employment, by and through its agents and/or employees, was retaliatory and discriminatory in violation of Connecticut General Statutes Section 31-290a in one or more of the following ways:

(a)      In that defendant terminated plaintiff's employment as a result of plaintiff's filings for workers' compensation benefits;

(b)      In that defendant discriminated against the plaintiff for filing a workers' compensation claim;

(c)      In that defendant terminated plaintiff as a result of his exercise of his rights under the Workers' Compensation Act.

98.     As a proximate result of defendants' unlawful conduct, plaintiff has been deprived of his employment.

99.     As a proximate result of defendant's unlawful conduct, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he was entitled under defendant's employee benefit plan.

100.     As a further result of defendant's retaliatory termination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

101.     Plaintiff has suffered and will continue to suffer injuries and losses as a

result of defendant's unlawful conduct.

## EIGHTH COUNT
### (National Origin Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))

1.      Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

102.    Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

a.      In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's national origin;

b.      In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of national origin;

c.      In that defendant discriminated against the plaintiff on the basis of national origin in such a way that it adversely affected his status as an employee;

d.      In that defendant discharged the plaintiff from employment on account of his national origin;

e.      In that defendant intentionally discriminated against the plaintiff on the basis of national origin;

f.      In that defendant did not pay plaintiff for all the time worked.

103.    As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

104.    As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his national origin.

105.    As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

106.    As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

107.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## NINTH COUNT
### (Religious Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))

1.    Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

108.    Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

a.    In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's religion;

b.    In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of religion;

14

c.      In that defendant discriminated against the plaintiff on the basis of religion in such a way that it adversely affected his status as an employee;

d.      In that defendant discharged the plaintiff from employment on account of his religion;

e.      In that defendant intentionally discriminated against the plaintiff on the basis of religion.

f.      In that defendant did not pay plaintiff for all the time worked.

109.    As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

110.    As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

111.    As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

112.    As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

113.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## TENTH COUNT
### (Race Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))

1.      Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

114.      Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

     a.      In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race;

     b.      In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of race;

     c.      In that defendant discriminated against the plaintiff on the basis of race in such a way that it adversely affected his status as an employee;

     d.      In that defendant discharged the plaintiff from employment on account of his race;

     e.      In that defendant intentionally discriminated against the plaintiff on the basis of race.

     f.      In that defendant did not pay plaintiff for all the time worked.

115.      As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

116.      As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment

opportunities because of his race.

117.    As a further direct and proximate result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

118.    As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

119.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, consequential damages, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; liquidated damages; damages pursuant to C.G.S. §31-290a; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated:   September 6, 2018

James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Yaseer Saeed
**COMPLAINANT**

CHRO No. 1720411

vs.

EEOC No. 16A201701004

JAL Chemical Co., Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** June 12, 2018

Tanya A. Hughes, Executive Director

Service:
Complainant:
Complainant's counsel: jsabatini@sabatinilaw.com
Respondent:
Respondent's counsel: jzelman@fordharrison.com

# EXHIBIT 2

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Yasser Saeed**<br>**1 Beach Street**<br>**Danbury, CT 06810** | From: **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |

[ ]      *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16A-2017-01004** | **Amon L. Kinsey, Jr.,**<br>**Supervisory Investigator** | **(617) 565-3189** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]   Other *(briefly state)*     **Charging Party is pursuing claims in another forum.**

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Feng An, Kenneth*

**Feng K. An,**
**Area Office Director**

JUL 1 2 2018

*(Date Mailed)*

Enclosures(s)

cc:

| | |
|---|---|
| **JAL CHEMICAL CO., INC.**<br>**5615 Old Winter Garden Road**<br>**Orlando, FL 32811** | **James V. Sabatini, Esq.**<br>**Sabatini & Associates, LLC**<br>**One Market Square**<br>**Newington, CT 06111** |